IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14cv55

| | |
|---|---|
| PEAK RESORTS, LLC, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>SKI THE RIDGES, LLC, et al., )<br>)<br>Defendants. )<br>_____ ) | MEMORANDUM AND<br>RECOMMENDATION |

The Court previously granted the Motion to Withdraw filed by attorney Allen Tarleton and allowed him to withdraw as counsel for Plaintiff. (Order, Jun. 6, 2014.) In addition, the Court instructed the parties that, as a corporation, Plaintiff may not proceed in this case *pro se* and would have to obtain new counsel. (Id.) Specifically, the Court instructed the parties that:

> The Court further directs the Plaintiff to obtain new counsel and have counsel enter an appearance in this case within fourteen (14) days of the entry of this Order. As a corporation, the Plaintiff may not proceed *pro se* in this Court and must be represented by counsel. If the Plaintiff fails to obtain new counsel within fourteen days of the entry of this Order, the Court will recommend to the District Court that the District Court dismiss the Complaint in this matter.

(Id.) Plaintiff, however, failed to obtain new counsel as directed by the Court.

It is well settled that a corporation may not appear in federal court *pro se*. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02, 113 S. Ct. 716 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); MR Crescent City, LLC v. TJ Biscayne Holdings LLC, 515 F. App'x 198 (4th Cir. 2013) (unpublished). Moreover, federal district courts routinely dismiss claims brought by corporate parties who fail to obtain counsel or enter default against corporate defendants who fail to obtain counsel. See e.g. Allied Colloids, Inc. v. Jadair, Inc., 139 F.3d 887 (4th Cir. 1998) (unpublished) (affirming grant of default judgment where corporation failed to obtain local counsel to file an answer to the complaint); Dove Air, Inc. v. Joda, LLC, No. 1:10cv293, 2011 WL 4712316 (W.D.N.C. Oct. 6, 2011) (Reidinger, J.) (collecting cases); Int'l Bottled Water Ass'n v. Eco Canteen, Inc., No. 3:09-cv-299-RJC-DCS, 2010 WL 3719313, at *7 (W.D.N.C. Sept. 17, 2010) (Conrad, C.J.) (entering default judgment against corporation that failed to obtain replacement counsel).

As a result of Plaintiff's failure to comply with a lawful Order of this Court and obtain replacement counsel, the Court **RECOMMENDS** that the District Court **DISMISS without prejudice** this action.

Signed: July 7, 2014

*Dennis L. Howell* 
Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).